## John Freeman vs. The Michigan State Bank

Courts have always been rigid in requiring that the proposed amendments should be stated in the application, and a defendant will not usually be permitted to set up a fact or state of facts, inconsistent with the original defence.

When a motion was made to amend a plea, which motion was based upon an affidavit, stating an additional fact which was unknown to the defendant at the time of filing the original plea, and consistent with the facts pleaded, the court granted the motion.

It is not usual to refuse leave to amend pleas, yet the defendant must be tied down to a very short time in which to amend.

This practice is consistent with the practice in permitting amendments to sworn answers, and there is no reason why the rule should not be admitted in amending pleas as well as sworn answers.

If a plea may be amended upon the ground of a mistake or inadvertence, there can be no good reason why it should not be, for the purpose of stating a newly discovered fact necessary to the defence and consistent with the original plea.

This was a motion to amend a plea. The motion was based upon an affidavit setting up certain facts which had come to the knowledge of the defendants after the original plea had been filed in the case.

Joy and Porter, in support of the motion.

There can exist no reason against the amendment of a plea to the merits which does not exist against the amendment of an answer, other circumstances being the same. Where is the difference ? Why should a defence be excluded in the one case and not in the other ?

A plea to the merits must be *considered an answer*, and subject to the same rules as to amendments as is an answer ; there being no reason for any difference. This I take to be the reason *why there is no 'rule' as to the amendment of a plea. Story Eq. Pl.* 545, *section* 701, *the whole section* 13 *Vesey* 438. We have complied with all the requirements of the section in Story. In the Vesey case, Lord Eldon says " I shall certainly give leave to amend. "

*Story Eq. Pld., section* 895, *page* 685. Story says—" But " though it is not usual to refuse leave to amend pleas, yet the defen- " dant will be tied down to a very short time in which to amend."

Story also in *Eq. Pld., page* 685, *section* 896, puts pleas and

answers on the same ground as to amendments; classes them together. "Answers and pleas on oath says he &c. The most common case of amendment is where through inadvertency the defendant has mistaken a fact or date." Is not the case of a newly discovered fact equally as strong?

See also subsequent section 897 Story's Equity Pleadings page 686.

See also section 902, page 688 of Story Equity Plds., which is exactly in point and shows the principle by which the court is governed; and section 903 &c.

There can be no case fo und of any refusal to amend a plea where the amendment was necessary to place the grounds of defence fully and fairly before the court. It would be inequitable and unjust to do so. It is not the rule nor the practice; on the contrary Courts of Equity are always liberal in these matters, to promote equity and justice.

It will be found in examining the cases that where there has been any doubt about allowing amendments, the amendatory matter has been some alteration of the plea filed, in a date, matter of fact, &c.; so that the amendment may contradict the substance of the plea, &c. In such cases unless there has been an evident slip or mistake, no amendment will be allowed.

The equity and justice of the case is so clear that there needs no discussion really of the point. It would be iniquitous to shut out a just and perfect defence on such grounds.

H. H. EMMONS, contra.

The complainant contends no precedents can be found where an amendment of a plea is allowed when there is no mistake in the drawing of the plea. The mere fact that the defendant was so negligent that he did not enquire about facts which he knew to be necessary, or which he was bound to know were necessary when he might have known them, on enquiry. If an amendment is allowed in this case, where is the case in which it will not be?

Story's Eq. Pl. 545, lays down the doctrine, it must be some slip of the pen or some clerical error.

*Story's Eq. Pl.* 685, *section* 896. Pleas upon oath will not for obvious reasons easily suffer to be amended, it must be inadvertency, mistake in a date, &c. See also 1 *Hoffman P.* 226, *Cooper Eq. Pl.* 336 337.

This is but the very case which the books say *cannot be done.*— " First get the *opinion* of the court, and then *look* up evidence to sup " port amendments to meet such opinion. "

Here is no slip of the pen, no inadvertency, but a deliberate framing of a pleading, omitting facts which the defendant *now alleges* he did not *know.* He *might* have known them and that is sufficient.

The rule is *surprise, mistake,* or inadvertence.

In *this case* no great *equity* is to be *perilled.* The only *equity* is to make a poor man take *wild* land for an *eastern draft* on which he paid the money. And by looking at the doctrine of amendments, and this class of them especially, it will be found the *nature* of the defence and the *equity* of the bill always greatly influences the allowance. This bank being a public institution, it probably has a right to say *here* that it is paying *specie* on its bills.

THE CHANCELLOR.—Leave to amend is usually based upon mistake, inadvertence, &c.

In this case it is sworn in the affidavit, that the additional fact which it is desired to present to the court by this amendment, was unknown at the time of filing this plea.

Courts have always been rigid in requiring that amendments of this kind should be stated in the application, and a defendant will not usually be permitted to set up a fact or a state of facts inconsistent with the original defence. But the amendment here contemplated goes no farther than to state an additional fact unknown at the time of filing the original plea, and perfectly consistent with it.

In examining all the cases cited, I can find no one where leave to amend under circumstances analogous to these has been refused, where the amendment is necessary to place the grounds of defence fairly before the court.

The rule is stated in *Cooper's Pleading,* 336, that it is not usual to refuse leave to amend pleas, yet the defendant must be tied down to a very short time in which to amend ; and this is fully sustained

First Circuit

Freeman
vs.
Michigan
State Bank.

by the case cited, 2 *Vesey* 85, where leave was given to plead *de novo*.

This practice is consistent with the practice in permitting amendments to sworn answers, and I can see no reason why the rule should not be admitted in amending pleas as well as sworn answers.

This is not a case where a party first obtains the opinion of the court, and then sets up an additional fact known to him at the time of pleading, or a defence inconsistent with the first plea.

It appears that this was unknown at the time of filing the plea, but has since been ascertained. I can see no danger in allowing an amendment in such a case when it seems absolutely necessary to place the defence fairly before the court.

On the contrary it seems to me to be in entire harmony with the practice in analogous cases. If a plea may be amended upon the ground of a mistake or inadvertence, I do not see why it should not be for the purpose of stating a newly discovered fact necessary to the defence and consistent with the original plea.

Amendment allowed if made within ten days.